IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KENDRICK LEE HARRIS, )<br>)<br>  Plaintiff, )<br>)<br>v. )<br>)<br>ALABAMA DEPARTMENT OF )<br>CORRECTIONS, et al., )<br>)<br>  Defendants. ) | CASE NO. 2:21-CV-586-MHT-KFP |

## RECOMMENDATION OF THE MAGISTRATE JUDGE

Based on its review pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court previously determined that the Complaint (Doc. 1) was deficient and could not proceed because it contained unrelated claims against different defendants for alleged constitutional violations that occurred at different times and at different correctional facilities. Doc. 10.

Plaintiff was ordered to file an amended complaint that followed the pleading rules outlined in the order, namely asserting in an amended complaint only those claims that are related, arising out of the same incident or occurrence, and naming the individual(s) responsible for the alleged constitutional violations. *Id*. Instead of filing <u>an</u> amended complaint complying with these rules, on the same day, Plaintiff filed three separate amended complaints in this case:

- The first "amended complaint" asserts a civil rights violation related to actions taken at St. Clair Correctional Facility located in St. Clair County on

November 27, 2019 and/or some time from December 27, 2019 until February 24, 2020. Doc. 11.

- The second "amended complaint" asserts a claim for a civil rights violation arising from action at Easterling Correctional Facility located in Barbour County on September 13, 2019. Doc. 13.

- The third "amended complaint" asserts yet another set of circumstances involving a different correctional facility. Doc. 15. In this pleading, Plaintiff asserts conduct on September 6, 2019 at Ventress Correctional Facility violated his civil rights.

The Court's prior order warned Plaintiff: **"The amended complaint will supersede all previous complaints. Thus, the Court will consider only the claims and defendant(s) identified in the amended complaint."** Doc. 10 at 2 (emphasis in original). Applying this directive, the Court determines Plaintiff's first amended complaint (Doc. 11) should be the operative amended complaint, and the next two filings (Docs. 13, 15) should be construed as motions to amend the operative pleading (Doc. 11).

The first amended complaint (Doc. 11) cannot be pursued in this district, as it relates to claims arising from conduct that occurred within the Northern District of Alabama.

Thus, the undersigned RECOMMENDS that Doc. 11 be SEVERED and TRANSFERRED to the United States District Court for the Northern District of Alabama. The remainder of the case should remain in this Court for disposition of the construed motions to amend (Docs. 13 and 15).

Further, it is ORDERED that by **November 14, 2022**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive, or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH Cir. R. 3–1. *See Stein v. Reynolds Sec., Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 28th day of October, 2022.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE